# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DANIEL K. HAMMER, JR.,
        Appellant,

      v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
CH-0752-19-0373-I-1

DATE: August 16, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Glenn L. Smith</u>, Esquire, Grand Rapids, Michigan, for the appellant.

<u>Hannah C. Brothers</u>, Esquire, Chicago, Illinois, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained the agency action removing him from the Federal service. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant was employed by the agency as a Supervisor, Distribution Operations, in Madison, Wisconsin. Initial Appeal File (IAF), Tab 4 at 209. On April 25, 2019, the agency removed the appellant based on the charge of absent without official leave/failure to follow proper leave requesting procedures. *Id.* at 46-52. The appellant timely filed an appeal with the Board, challenging the removal action and raising an affirmative defense of harmful procedural error. IAF, Tabs 1, 17, Tab 21 at 5. On March 10, 2020, after holding the requested hearing, IAF, Tab 1 at 2, Tab 27, the administrative judge issued an initial decision, finding that the agency proved its charge, that the penalty of removal promoted the efficiency of the service and was reasonable, and that the appellant failed to establish his affirmative defense, IAF, Tab 29, Initial Decision (ID) at 5-18. Accordingly, he affirmed the removal action. ID at 18. The administrative judge informed the appellant that the initial decision would become final on April 14, 2020, unless a petition for review was filed by that date. ID at 18.

On June 5, 2020, the appellant filed a petition for review again challenging the penalty of removal, and the agency filed a response. Petition for Review (PFR) File, Tab 1 at 5, Tab 4.[2] In an acknowledgment order, the Office of the Clerk of the Board informed the appellant that his petition for review was untimely filed because it was not postmarked or received by the Board on or before April 14, 2020. PFR File, Tab 2 at 1. It explained that the Board's regulations require that a petition for review that appears to be untimely filed be accompanied by a motion to accept the filing as timely or to waive the time limit for good cause. *Id.* at 1-2. It further provided the appellant with information on how to file such a motion and provided a blank motion form for him to complete.

---

[2] The Clerk of the Board recognized that, although the appellant actually filed an initial appeal form with the Board, he was challenging the March 10, 2020 initial decision. PFR File, Tab 2 at 1. Thus, the Board has considered the appellant's pleading to be a petition for review. *Id.*

*Id.* at 2, 7-8.  The appellant did not submit any such motion, nor did he respond to the Clerk of the Board's statement of an untimely filing.[3]

### DISCUSSION OF ARGUMENTS ON REVIEW

The Board's regulations provide that a petition for review must be filed within 35 days after the date of the issuance of the initial decision, or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision.  *See* 5 C.F.R. § 1201.114(e); *see also Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014).  Here, the initial decision was issued on March 10, 2020.  ID at 1.  Thus, as the administrative judge correctly informed the appellant, he was required to file any petition for review no later than April 14, 2020.  ID at 18.  The appellant's petition for review of the initial decision was filed on June 5, 2020.  PFR File, Tab 1.  As such, we find that the petition for review is untimely filed by 52 days.

The Board may waive its timeliness regulations only upon a showing of good cause for the untimely filing.  *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. §§ 1201.12, 1201.114(g).  The party who submits an untimely petition for review has the burden of establishing good cause by showing that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability

---

[3] After the issuance of the Board's acknowledgment order, one of the appellant's two representatives filed a motion to withdraw; this pleading did not address the timeliness of the appellant's petition for review.  PFR File, Tab 3.

to timely file his petition. *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

Here, the appellant appears to be represented by counsel,[4] and the initial decision clearly informed him of the 35-day deadline of filing a petition for review. IAF, Tab 1 at 2, Tab 6; ID at 18. Moreover, the Board has considered a 1-month delay—a time period shorter than the 52 days at issue here—to be significant. *See, e.g.*, *Crook v. U.S. Postal Service*, 108 M.S.P.R. 553, ¶ 6 (2008), *aff'd*, 301 F. App'x 982 (Fed. Cir. 2008). Finally, the appellant has not presented any evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *See Palermo*, 120 M.S.P.R. 694, ¶ 4.

On review, the appellant asserts that, throughout the appeal process, he has not been receiving emails or regular mail updating him of the status of his appeal in a timely manner. PFR File, Tab 1 at 5. However, at the time of the adjudication of the initial appeal, the appellant had elected to register as an e-filer, IAF, Tab 12 at 2, and the Board's regulations provide that e-filers are responsible for monitoring case activity at e-Appeal to ensure that they have received all case-related documents, *see* 5 C.F.R. § 1201.14(j)(3) (2019); *see also Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 5 (2009) (stating that the Board's regulations require registered e-filers to monitor their case activity at e-Appeal). Although the appellant claims that he "twice missed meetings" with the administrative judge because he was "not informed in a timely

---

[4] The appellant had two representatives below, and, as indicated above, one of the representatives withdrew on petition for review. PFR File, Tab 3. Although the appellant appears to have filed the petition for review on his own, there is nothing in the record showing that his second representative, an attorney, has withdrawn from the case. IAF, Tab 6. Even if the appellant were acting entirely pro se, the other factors, including the length of the delay and the lack of a showing of due diligence, would not support a finding of good cause.

manner via this portal," the appellant does not indicate on review that he attempted to contact the Board for assistance with e-Appeal. PFR File, Tab 1 at 5. To the extent the appellant is arguing that his representatives failed to timely notify him of Board filings and the time limit for filing a petition for review, the Board has consistently held that, with limited exception not applicable here, an appellant is responsible for the action or inaction of his chosen representative. *See Smith v. U.S. Postal Service*, 111 M.S.P.R. 341, ¶ 9 (2009); *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). As such, we find that the appellant has not established a reasonable excuse for his delay in filing, nor has he established that he acted with due diligence or ordinary prudence in filing his untimely petition for review under the circumstances of this case. *See Palermo*, 120 M.S.P.R. 694, ¶ 4.

Accordingly, we find that the appellant has failed to establish good cause for his untimely filing, and we dismiss his petition for review as untimely filed without good cause shown. *See, e.g.*, *Via v. Office of Personnel Management*, 114 M.S.P.R. 632, ¶ 7 (2010) (dismissing a petition for review as untimely filed without good cause shown for the delay in filing). This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision regarding the merits of this appeal.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.